IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVAN K. King, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:05-CV-01967 (JDB) |
| ) | |
| MCKEE NELSON LLP, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## JOINT RULE 16.3 STATEMENT

Plaintiff Ivan K. King and Defendant McKee Nelson, LLP, through their respective counsel,[1] hereby submit this Joint Rule 16.3 statement.

Plaintiff asserts that Defendant discriminated against him with respect to his salary, and also that Defendant created a hostile work environment for him.

Defendant denies that it discriminated against King in any respect, and also denies that it created a hostile work environment for King.

With respect to matters to be discussed by the parties, in accordance with LCvR 16.3(a), the parties state the following:

---

[1] Defendants' counsel contacted Kerry Davidson, Esq. at *pro se* Plaintiff King's request to conduct the Rule 16(f) conference and to pursue the possibility of settlement. Mr. Davidson has not entered an appearance in this case. However, if the case does not settle by the date of the scheduling conference, Mr. Davidson will file a limited appearance that will automatically terminate either immediately after the Defendant's deposition of Plaintiff King (which the parties intend to conduct before the Christmas holiday), or on December 22, 2005, if Mr. King's deposition has not yet begun by that date. Mr. Davidson's renewal application to the bar of this court is currently pending, and should be finalized by the date of the scheduling conference.

1. Neither party believes that the case is likely to be disposed of by dispositive motion.

2. The parties propose that they have until January 17, 2006 to amend pleadings or join parties.

3. The parties do not agree that this case that should be assigned to a magistrate judge: Defendants do not want the case assigned to a magistrate judge whereas Plaintiffs are amenable to such assignment.

4. The parties believe that there is a possibility of settling the case, and will engage in settlement discussions in advance of the Scheduling Conference.

5. The parties do not believe that ADR will not be useful at this time. However, the parties believe that as the case progresses ADR may become useful, and if that proves to be the case, the parties will inform the Court at that time.

6. Defendant intends to file a summary judgment motion, and the parties propose that the motion be due no later than 30 days after close of discovery. However, the parties agree that either party may file its summary judgment motion prior to the close of discovery, subject to the right of the opponent to oppose the motion on the ground that further discovery is necessary, as appropriate. The parties propose that Plaintiff have 30 days to file an opposition to any dispositive motion filed by the other party and that Defendant be allowed to file its reply within 21 days after service of an opposition. The parties respectfully request that the Court rule on any dispositive motions at the Court's earliest convenience in advance of the pretrial conference.

7. The parties will not dispense with the requirements of Fed. R. Civ. P. 26(a)(1), and agree to make these disclosures by December 1, 2005.

8.  The parties believe that discovery will not be extensive, but they do not think it is necessary to adopt specific limitations on discovery. The parties request 120 days from the December 5, 2005 initial scheduling conference to complete discovery. The parties agree that paper discovery will not commence until after January 2, 2006. The parties will agree, subject to the court's approval, on a protective order limiting use of information obtained in discovery to this litigation.

9.  The parties have not yet determined whether they will be utilizing experts, but they reserve the right to do so. The parties propose that the proponent of any expert shall identify the expert no later than 60 days after the December 5, 2005 initial scheduling conference, and shall provide at that time all information required by Rule 26(b)(4). Opposing experts must be identified within 30 days after the identification of the proponent's expert, and all information required by Rule 26(b)(4) shall be provided at that time. Depositions of expert witnesses shall take place in the last month of discovery.

10. This case has not been filed as a class action.

11. The parties do not believe that the case be bifurcated.

12. The parties suggest that a pretrial conference be scheduled 30 days after the Court decides Defendant's summary judgment motion.

13. The parties suggest that the Court set a trial date at the pretrial conference.

14. There are no other matters that the parties believed were appropriate for inclusion in a scheduling order.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Kerry J. Davidson | W. Gary Kohlman (No. 177527) |
| 8101 Eastern Avenue, Suite 301 | Dora V. Chen (No. 485200) |
| Suite 301 | Bredhoff & Kaiser, P.L.L.C. |
| Silver Spring, MD | 805 15th Street, N.W., Suite 1000 |
| | Washington, D.C. 20005 |
| | (202) 842-2600 |
| | |
| *Attorney for Plaintiff Ivan King* | *Attorneys for Defendant McKee Nelson, LLP* |